CJ-2022-5139
Dishman

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

OCT 18 2022

RICK WARREN
COURT CLERK

MICHAEL STEPHENS
           Plaintiff

v.                           Case No. CJ-2022-5139

TTH TRANSPORT LLC, and
EYOB KIDANE TEWOLDE,
           Defendants

## PETITION

COMES NOW, Plaintiff, Michael Stephens (hereinafter "Stephens") and states and alleges the following for his causes of action against Defendants TTH Transport LLC and Eyob Kidane Tewolde:

### JURISDICTION AND VENUE

1.    Plaintiff Michael Stephens is an individual domiciled in Cleveland County, State of Oklahoma.

2.    Upon information and belief, Defendant Eyob Kidane Tewolde is an individual domiciled in Broward County, State of Florida.

3.    Upon information and belief, Defendant TTH Transport LLC is a Texas corporation with its principal place of business in Texas. TTH operates as an interstate motor carrier under the authority of U.S. DOT No. 2579794.

4.    Upon information and belief, Defendant TTH's insurance carrier at the time of collision was Alpine Transportation Risk Retention Group Inc. which is a foreign for-profit corporation incorporated in Hawaii with its principal place of business in Texas.

5. The collision which gives rise to this litigation occurred on or about July 22, 2021, in Oklahoma County, State of Oklahoma.

6. Based on this information, under OKLA. STAT. tit. 12, §§ 135, 137, and 141 venue is proper, and the Court has jurisdiction over this matter.

## STATEMENT OF FACTS

7. On July 22, 2021, Stephens was operating his 2015 Dodge Durango in the outside lane of southbound Interstate 35 near SE 36th St.

8. Tewolde was also traveling south on I-35 in the outside lane near SE 36th St. in a 2012 Volvo semi tractor-trailer while under dispatch in the course and scope of his agency/employment with TTH Transport LLC.

9. Upon information and belief, the semi tractor-trailer Tewolde was operating was owned by TTH. The semi-tractor displayed TTH's U.S. DOT number, and it is registered to TTH.

10. Tewolde's semi-tractor was traveling directly behind Stephens's Durango when traffic on the highway slowed.

11. Stephens reduced his vehicle's speed to match the flow of traffic; however, Tewolde did not appropriately slow down, instead, he failed to keep a proper lookout, and failed to devote his full time and attention to driving, ultimately striking the rear of Plaintiff's vehicle.

12. The force of impact from Tewolde crashing into the rear bumper of Plaintiff's vehicle propelled the Durango into a third vehicle driven by Magdalena Coronado who was traveling just ahead of Stephens in the outside lane.

13. As a result of the collision, Stephens sustained personal injuries, extreme fear, anxiety, emotional distress, and mental anguish. Additionally, Stephens incurred property damage, loss of use of his vehicle, and other incidental expenses arising from the damage to his vehicle.

14. At the time of the collision, TTH Transport had a commercial liability auto policy with Alpine Transportation Insurance Risk Retention Group, Policy No. ALP001674 which included the MCS-90 Public Indemnification Endorsement. Any judgment Plaintiff obtains because of Defendants' negligence is recoverable under the Alpine policy.

**FIRST CAUSE OF ACTION**
(NEGLIGENCE/NEGLIGENCE PER SE OF TEWOLDE)

15. Plaintiff incorporates the preceding paragraphs by reference.

16. The proximate cause of the collision and the resulting damages suffered by Stephens was directly caused by one or more negligent acts or omissions of Tewolde, who was acting within the course and scope of his agency/employment with TTH including but not limited to the following:

   a. operating a motor vehicle in a reckless and careless manner in violation of 47 O.S. § 11-901;

   b. failing to ascertain the necessity of stopping during flow of traffic changes; and

   c. failing to devote full time and attention to driving

17. Tewolde's conduct constitutes gross negligence or amounts to wanton and reckless disregard for the right of the Plaintiff.

18. Plaintiff is the class of persons intended to benefit from traffic safety laws.

19. Tewolde was the proximate and cause-in-fact of Plaintiff's injuries and sustained damages.

20. Accordingly, Plaintiff seeks judgment from against Tewolde directly, and against TTH Transport for negligence and negligence per se under the theory of *respondeat superior* in an amount in excess of $75,000 to be determined by a jury, along with exemplary damages.

## SECOND CAUSE OF ACTION
(NEGLIGENT ENTRUSTMENT BY TTH TRANSPORT)

21. Plaintiff incorporates the preceding paragraphs by reference.

22. Under 47 O.S. § 6-307 and the Federal Motor Carrier Safety Regulations ("FMCSRs"), TTH Transport had a statutory and common law duty to determine Tewolde was qualified to safely operate the semi tractor-trailer involved in the subject collision.

23. At all relevant times, TTH Transport breached the duties imposed by 47 O.S. § 6-307, the FMCSRs, and the common law, by not using ordinary care to avoid the negligent, careless, and/or reckless use of its semi tractor-trailer by Tewolde when TTH Transport knew or reasonably should have known that Tewolde was careless, reckless, and/or incompetent to be entrusted with the semi tractor-trailer involved in the collision.

24. The subject collision and Plaintiff's resulting damages were proximately caused by Tewolde's careless, recklessness, and incompetence and TTH's negligent entrustment of the semi tractor-trailer to Tewolde.

25. TTH Transport's conduct constitutes gross negligence or amounts to wanton and reckless disregard for the right of the Plaintiff.

26. Accordingly, Plaintiff seeks judgment against TTH Transport in an amount in excess of $75,000 to be determined by a jury, along with exemplary damages.

## THIRD CAUSE OF ACTION
(NEGLIGENT HIRING, SUPERVISION, TRAINING AND RETENTION – TTH TRANSPORT)

27. Plaintiff incorporates the preceding paragraphs by reference.

28. At all relevant times, TTH possessed a duty to use reasonable care to in its hiring, supervision, training, and retention of Tewolde.

29. TTH breached this duty, directly resulting in physical injuries to the Plaintiff, including past and future medical expenses, and severe physical and mental pain and suffering.

30. TTH's conduct constitutes gross negligence or amounts to wanton and reckless disregard for the right of the Plaintiff.

31. Accordingly, Plaintiff seeks judgment against TTH Transport in an amount in excess of $75,000 to be determined by a jury, along with exemplary damages.

### Fourth Cause of Action
### (MCS-90 – TTH Transport's Liability)

32. At the time of the collision, TTH Transport had a valid commercial insurance policy with Alpine Transport Insurance Risk Retention Group Inc. which contained an MCS-90 endorsement.

33. The collision and the resulting injuries and damages to Plaintiff were proximately caused by the operation of the motor carrier.

34. Stephens is a member of the motoring public that was intended to benefit from the MCS-90 endorsement.

35. Alpine has denied Plaintiff's third-party claim under the technicality that Tewolde was not listed as a driver under TTH's insurance contract. This denial was in direct violation of the MCS-90 endorsement.

36. Pursuant to the MCS-90, Plaintiff is entitled to compensation for his injuries and damages from Alpine, TTH's liability insurer.

37. Plaintiff seeks judgment against TTH in an amount in excess of $75,000 to be determined by a jury.

WHEREFORE, Plaintiff Michael Stephens seeks judgment against each Defendant for damages exceeding the amount necessary for diversity jurisdiction ($75,000), which

include compensatory actual damages, attorney's fees and costs, all interest allowed by law, and for such other relief which this Court may deem equitable, just, and proper.

DATED: October 18, 2022

Respectfully submitted,
MILLER, JOHNSON, JONES,
ANTONISSE & WHITE

*/s/ Dan K. Jones*

**JURY TRIAL DEMANDED**

Dan K. Jones, OBA # 16940
Alyssa Poe, OBA # 34756
500 N.W. 6th Street, Suite 300
Oklahoma City, Oklahoma 73102
Telephone:   (405) 896-4388
Facsimile:    (405) 609-2995
           djones@mjjaw.com
           apoe@mjjaw.com

**ATTORNEYS FOR PLAINTIFF**