## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MICHAEL STEPHENS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Case No. CIV-22-1084-G** |
| | ) |
| **TTH TRANSPORT LLC et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## <u>ORDER</u>

Now before the Court is Plaintiff Michael Stephens' Motion for Sanctions Against

Defendant Eyob Kidane Tewolde (Doc. No. 42), seeking sanctions against Defendant

Tewolde for failing to appear for deposition.  Defendant Tewolde, through his former

counsel, responded in opposition to the Motion (Doc. No. 47).  Plaintiff replied in further

support of his Motion (Doc. No. 48).  Subsequently, the Court ordered Defendant Tewolde

to show cause for why he should not be sanctioned for failing to appear for deposition and

warned him that such sanctions may include any of those listed in Federal Rule of Civil

Procedure 37(d)(3), including the entry of judgment against him. *See* Order to Show Cause

(Doc. No. 60) at 2.  Defendant Tewolde's counsel, who in the interim had moved to

withdraw, filed a response on his behalf (Doc. No. 63), noting that counsel had provided

Defendant Tewolde with copies of the Court's Order to Show Cause and other relevant

materials and that Defendant Tewolde had ceased communicating with them.

I.      *Background*

After agreeing to appear for a December 29, 2023 deposition, and after being served with notice of the deposition, Defendant Tewolde cancelled the deposition on December 28, 2023, "due to a family emergency." Pl.'s Mot. at 2; *see id.* Ex. 3 (Doc. No. 42-3); Pl.'s Mot. Ex. 6 (Doc. No. 42-6) at 2; Def.'s Resp. at 2. Plaintiff states that no alternative date was provided and that Defendant Tewolde's counsel notified Plaintiff's counsel on February 2, 2024, that Tewolde had "stopped all contact" and could not provide a date for the deposition. Pl.'s Mot. at 3. The parties' deadline to conclude discovery passed on March 1, 2024. *See* Second Am. Sched. Order (Doc. No. 41) at 1.

On March 26, 2024, the Court ordered Defendant Tewolde to show cause for why the Court should not impose sanctions against him for his failure to appear for deposition and to state whether he was willing to appear for deposition at a future date. *See* Order to Show Cause (Doc. No. 60) at 2. The Court warned Defendant Tewolde that if he did not respond, "the Court may impose sanctions against [him] consistent with Federal Rule of Civil Procedure 37(d)(3)" "including, as relevant here: directing certain facts be taken as established for purposes of the action, prohibiting the uncooperative party from supporting or opposing designated claims or defenses, striking pleadings in whole or in part, and rendering a default judgment against the uncooperative party." *Id.*

On April 1, 2024, counsel for Defendant Tewolde moved to withdraw their representation due to Tewolde's "lack of responsiveness and failure or refusal to communicate." *See* Mot. to Withdraw (Doc. No. 62) at 2. On April 9, 2024, counsel for Defendant Tewolde responded to the March 26, 2024 Order to Show Cause, reiterating that

Defendant Tewolde had ceased communicating with them and stating that counsel had provided Tewolde with copies of Plaintiff's Motion for Sanctions, the Response, the Reply, and the Court's Order to Show Cause. *See* Def. Tewolde's Resp. to Show Cause Order (Doc. No. 63) at 1-2.

On April 15, 2024, the Court granted the Motion to Withdraw and permitted Defendant Tewolde 14 days to obtain new counsel and for new counsel to enter an appearance in this matter. *See* Order (Doc. No. 66) at 2. That time period has passed and no new counsel for Defendant Tewolde has appeared in this matter. Defendant Tewolde is therefore deemed to be representing himself pro se. *See id.*

## II.    Standard

Rule 37(d) of the Federal Rules of Civil Procedure provides that a court "may, on motion, order sanctions if . . . a party . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). Sanctions may include the entry of default judgment against the disobedient party. *See id.* R. 37(b)(2)(A)(vi); *id.* R. 37(d)(3). Additionally, the Court "may exercise its inherent powers to sanction bad-faith conduct that abuses the judicial process." *Xyngular v. Schenkel*, 890 F.3d 868, 873 (10th Cir. 2018).

"Default judgment is a harsh sanction that should only be used if the failure to comply with court orders is the result of willfulness, bad faith, or any fault of the disobedient party rather than inability to comply." *Klein v. Harper*, 777 F.3d 1144, 1147-48 (10th Cir. 2015) (internal quotation marks omitted). To determine whether entry of default judgment is an appropriate sanction, the Court applies the factors identified in

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).  *See Klein*, 777 F.3d at 1148.

Those factors, as applicable here, are: (1) the degree of actual prejudice to Plaintiff; (2) the

amount of interference with the judicial process; (3) the culpability of Defendant Tewolde;

(4) whether the Court warned Defendant Tewolde in advance that default judgment would

be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.  *See*

*Ehrenhaus*, 965 F.2d at 921.

 III. *Analysis*

   Applying the *Ehrenhaus* factors to this case, the Court determines that default

judgment against Defendant Tewolde is an appropriate sanction for Defendant Tewolde's

noncompliance.

   1. <u>Degree of Actual Prejudice</u>

   Plaintiff has been significantly hindered in his effort to seek redress for his alleged

injuries because of Defendant Tewolde's failure to comply with the Court's orders or

otherwise participate in this litigation.  As the driver of the truck which collided with

Plaintiff, Defendant Tewolde's testimony is critical to this case.  *See* Pl.'s Mot. Sanctions

at 3.  Therefore, Plaintiff has suffered actual prejudice on account of Defendant Tewolde

failing to appear for deposition, and the first factor weighs in favor of the sanction of default

judgment.

   2. <u>Amount of Interference with Judicial Process</u>

   Defendant Tewolde's repeated failures to cooperate with discovery and to

participate in this litigation have resulted in significant delays, required the Court to expend

unnecessary resources, and hindered the expedient resolution of this lawsuit.  *See id.* at 1-

3 (reciting timeline of discovery disputes).  Accordingly, the second factor weighs in favor of default judgment.

3.  Culpability of Defendant Tewolde

Defendant Tewolde's former counsel represented that Tewolde stopped all communication, leading counsel to withdraw their representation.  *See* Mot. to Withdraw at 2.  Additionally, Defendant Tewolde failed to respond to this Court's Order to Show Cause.  Accordingly, the Court finds that Defendant Tewolde is culpable for not participating in this litigation and that the third factor weighs in favor of default judgment.

4.  Advance Warning

The Court's Order to Show Cause specifically warned Defendant Tewolde that the Court may render a default judgment as a sanction if he did not respond to the Court's order.  *See* Order to Show Cause at 2.  Accordingly, this factor weighs in favor of default judgment.

5.  Efficacy of Lesser Sanctions

Ultimately, it is impossible for a case to move forward when a party refuses to participate in the litigation.  The record reflects that Defendant Tewolde has willfully chosen not to cooperate with his former counsel, Plaintiff, or the Court.  The Court finds that the only just sanction for Defendant Tewolde's conduct is to enter judgment against him and to allow Plaintiff's case to proceed against Defendant TTH Transport LLC.

## CONCLUSION

For the reasons set forth herein, the Court concludes that entry of a default judgment against Defendant Eyob Kidane Tewolde is a just and appropriate sanction for his failure

5

to appear for deposition, pursuant to Federal Rule of Civil Procedure 37(d)(3).  The Court

GRANTS Plaintiff's Motion for Sanctions (Doc. No. 42) as follows:

1. Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk of Court SHALL enter Defendant Eyob Kidane Tewolde's default on all claims asserted against him in this matter by Plaintiff Michael Stephens.

2. Defendant Tewolde is REMINDED of his obligation, under Local Civil Rule 5.4, to immediately submit the contact information required of pro se litigants.

3. Plaintiff MAY SUBMIT, within 14 days of any jury verdict on Plaintiff's claims against Defendant TTH Transport LLC (or, in the event that such claims are not resolved by jury trial, such other date as may be set by the Court), a motion for default judgment that establishes—by reference to exhibits and testimony presented in the trial of Plaintiff's claims against Defendant TTH Transport or, otherwise, by exhibits and affidavits attached to the motion—any damages that Plaintiff requests be assessed against Defendant Tewolde.

4. At the same time and in the same motion, Plaintiff MAY SUBMIT any request for reasonable expenses permitted by Federal Rule of Civil Procedure 37(d)(3). That Rule prescribes that in addition to sanctions, a court may require "the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).  Applying this standard, the Court finds that Defendant Tewolde must pay Plaintiff's reasonable expenses related to

Defendant Tewolde's failure to appear for deposition, including the preparation of Plaintiff's motion for sanctions.

5.  Defendant Tewolde MAY SUBMIT any response to the motion for default judgment and for reasonable expenses within fourteen days of Plaintiff's filing.

IT IS SO ORDERED this 1st day of May, 2024.

CHARLES B. GOODWIN
United States District Judge